The parties hereto have stipulated and agreed as follows:

That the merchandise covered by the appeals to reappraisement enumerated above consist of wire strand exported from Japan during the period beginning April 5, 1960 and ending May 28, 1960; that wire strand is not identified in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956, T.D. 54521, effective February 27, 1958; that on or immediately preceding the date of exportation of each shipment of wire strand covered by each of the appeals to reappraisement enumerated above, the prices at which wire strand, such as or similar to the wire strand described on the invoices covered by the instant appeals to reappraisement were freely sold, or in the absence of sales, offered for sale in the principal market of Japan, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, was $254. per metric ton for wire strand of ⅜ inch diameter and $252. per metric ton for wire strand of ⁷⁄₁₆ inch diameter (United States funds).

Upon the agreed facts of record, I find and hold that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (19 U.S.C. § 1401a(b)), is the proper basis of value for the wire strand in issue and that said value is $254 per metric ton for wire strand of ⅜-inch diameter and $252 per metric ton for wire strand of ⁷⁄₁₆-inch diameter (United States funds).

Judgment will be entered accordingly.

(Reap. Dec. 10772)

BERBEN CORPORATION ET AL. *v.* UNITED STATES

Entry No. 25049, etc.

(Decided June 10, 1964)

*Barnes, Richardson & Colburn* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The appeals for a reappraisement enumerated in the schedule, attached to and made a part of the decision herein, present the question of the proper value for dutiable purposes of certain pistols and parts thereof and fittings therefor.

The parties hereto have submitted the appeals for decision on a stipulation of fact which reads as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for the parties hereto, subject to the approval of the court:

That the appeals for reappraisement listed in Schedule "A" hereto attached and made a part hereof are limited to the merchandise described on the invoices as pistols, with or without other words of description, and parts thereof and fittings therefor, and exported by the firm of Pietro Beretta, Italy.

That the issues are similar in all material respects to the issues involved in *Berben Corporation* v. *United States*, Reap. Dec. 10552, and that the record therein may be incorporated herein.

That at the time of exportation such or similar merchandise was not freely offered for sale for home consumption in Italy or for exportation to the United States, and was likewise not freely offered for sale in the United States.

That at the time of exportation the cost of production of the merchandise involved herein, as defined in Sec. 402(f), Tariff Act of 1930, was the entered value.

That the instant appeals are submitted for decision on the incorporated record and this stipulation.

Upon the record before the court, I find and hold that cost of production, as that value is defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165 (19 U.S.C. § 1402(f)), is the proper basis of value for the pistols and parts thereof and fittings therefor in issue and that said value is represented by the entered value.

As to all other merchandise, the appeals are dismissed.

Judgment will be entered accordingly.